United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50519
Summary Calendar

_____

APPARAJAN GANESAN

Plaintiff - Appellant

v.

UNITED STATES ATTORNEY, UNITED STATES STATE DEPARTMENT,
INTERNAL REVENUE SERVICE, BUREAU OF IMMIGRATION AND CUSTOMS
ENFORCEMENT

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CV-30-JN
--------------------

Before KING, Chief Judge, and EMILIO M. GARZA and BENAVIDES,
Circuit Judges.

PER CURIAM:[*]

Apparajan Ganesan, Texas inmate # 904088, challenges the

district court's dismissal of his 28 U.S.C. § 1361 mandamus

petition requesting an order compelling various federal agencies

to initiate criminal and deportation proceedings against his ex-

wife. The district court's refusal to issue the writ is reviewed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for an abuse of discretion.  See United States v. Denson, 603 F.2d 1143, 1146 (5th Cir. 1979) (en banc).

"[M]andamus is not available to review the discretionary acts of officials."  Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992).  A U.S. Attorney exercises absolute discretion regarding whether to initiate a criminal prosecution.  United States v. Cowan, 524 F.2d 504, 507-08 (5th Cir. 1975); United States v. Cox, 342 F.2d 167, 171 (5th Cir. 1965) (en banc).  The court may not interfere with the free exercise of that discretionary power.  Cox, 342 F.2d at 171.  Similarly, the Attorney General has the discretion to decline to commence deportation proceedings, which discretion is not subject to judicial interference.  See Alvidres-Reyes v. Reno, 180 F.3d 199, 205 (5th Cir. 1999).  Moreover, even assuming federal officials owed a duty to prosecute or to initiate criminal proceedings, that duty was not owed to Ganesan, and he lacks standing to challenge the officials' alleged failure to act.  See Giddings, 979 F.2d at 1110.  Dismissal of the petition was proper, and the district court's judgment is AFFIRMED.